IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Allen Hagood, #123067, ) | Civil Action No.:2:15-cv-04163-RBH-MGB |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Larry Cartledge, *Warden*, ) | |
| ) | |
| Respondent. ) | |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 12; *see also* Dkt. No. 11.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner filed the instant action on October 2, 2015. (*See* Dkt. No. 1 at 14 of 15; *see also* Dkt. No. 1-2.) On April 4, 2016, Respondent filed a Motion for Summary Judgment. (Dkt. No. 12; *see also* Dkt. No. 11.) By order filed April 4, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 13.) On or about June 17, 2016, Petitioner filed a Response in Opposition to the Motion for Summary Judgment, to which Respondent filed a Reply. (*See* Dkt. No. 23; Dkt. No. 24.)

## PROCEDURAL HISTORY

The Petitioner is currently confined within the South Carolina Department of Corrections ("SCDC") at Perry Correctional Institution. In May of 2010, the Greenville County Grand Jury indicted Petitioner for first-degree burglary and grand larceny, third property offense. (R. at 274-77.) Petitioner was represented by Amanda Lackland, Esquire. (*See* R. at 1.) Petitioner proceeded to a jury trial before the Honorable C. Victor Pyle, Jr. on February 9, 2011. (R. at 1-224.) On February 9,

1

2011, the jury convicted Petitioner as charged. (R. at 218.) Judge Pyle sentenced Petitioner to life without parole[1] on the conviction for burglary and to ten years on the conviction for grand larceny. (R. at 222.)

Petitioner appealed and was represented by Elizabeth A. Franklin-Best, Esquire. (*See* Dkt. No. 11-3.) On February 22, 2011, Petitioner filed a Final Brief of Appellant, wherein he raised the following issue:

> Did the trial court judge err when he allowed the state to introduce a statement made by Hagood, purporting to be a "confession" to the crimes, when Hagood neither reads nor writes well, law enforcement failed to audio or videotape the interview, and when the state did not meet their burden to show that the statement was given knowingly and voluntarily?

(Dkt. No. 11-3 at 4 of 12.)

In an unpublished opinion filed on July 11, 2012, the South Carolina Court of Appeals affirmed the decision of the lower court. (*See* Dkt. No. 11-4.) The court found the issue raised was not preserved for review because a ruling on a motion in limine is not final, and "unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review." (Dkt. No. 11-4 at 2 of 2.) The matter was remitted to the lower court on July 27, 2012. (Dkt. No. 11-5.)

On August 29, 2012, Petitioner filed an application for post-conviction relief ("PCR"). (R. at 225-32.) The following questions and answers appeared in his PCR application (verbatim):

> 10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:
>
>> Ineffective Assistance of Counsel
>
> 11. State concisely and in the same order the facts which support each of the grounds set out in (10):

---

[1] Before trial began, Petitioner was served with notice that the State intended to seek a sentence of life without parole based on Petitioner's prior offenses. *See* S.C. CODE ANN. § 17-25-45; *see also* R. at 12-13, 219-22.

> Counsel failed to argue correct probable cause for traffic stop. Counsel failed to hire hand writing expert to prove of confession and Miranda signatures were false

(R. at 227.)

On June 21, 2013, through Caroline Horlbeck, Esquire, Petitioner amended his PCR application to include the following allegations of ineffective assistance of counsel:

> 1. Counsel was ineffective by allowing the State to introduce an involuntary statement by Applicant purporting to be a confession to the crimes and failing to object to the admission of same;
>
> 2. Counsel was ineffective by failing to put the State's case through adversarial testing;
>
> 3. Counsel was ineffective by failing to challenge probable cause in Applicant's case;
>
> 4. Counsel was ineffective by failing to preserve Applicant's Fourth Amendment issue for appeal;
>
> 5. Appellate counsel was ineffective in that counsel raised an issue that was not preserved for appeal;
>
> 6. Counsel was ineffective by failing to argue section 17-25-45 violated the Equal Protection Clause;
>
> 7. Counsel was ineffective by failing to argue that the discretion given to the Solicitor's Office by Section 17-25-45 regarding service of Notice of Intent to Seek Life Without Parole is arbitrary and capricious;
>
> 8. Counsel was ineffective by failing to request a jury instruction that Applicant faced a mandatory sentence of Life Without Parole;
>
> 9. Counsel was ineffective by failing to argue that his 6th Amendment Rights were violated in that he was not advised of the possibility of Life Without Parole at the time of his prior conviction;
>
> 10. Counsel was ineffective by failing to argue that Applicant's conviction and sentence are in violation of the U.S. Constitution and laws of the State of South Carolina[; and]
>
> 11. Counsel was ineffective by failing to object to the use of his prior unclassified convictions to enhance his sentence to Life Without Parole[.]

(Dkt. No. 11-6.)

On December 17, 2013, Petitioner–through Attorney Horlbeck–amended his PCR application once more, adding the following allegations:

> 1. Counsel was ineffective in that Counsel failed to adequately and effectively argue that Applicant's statement was not knowingly and voluntarily made;
>
> 2. Counsel was ineffective in that Counsel failed to preserve Applicant's objection to the introduction of Applicant's statement during the trial of this case;
>
> 3. Counsel was ineffective in that Counsel failed to adequately and effectively challenge the existence of reasonable suspicion to stop Applicant and probable cause to arrest Applicant;
>
> 4. Counsel was ineffective in that Counsel failed to make a Motion to Suppress;
>
> 5. Counsel was ineffective in that Counsel failed to request that the Court instruct the jury that Applicant faced a sentence of Life Without Parole if convicted at trial; [and]
>
> 6. Counsel was ineffective in that Counsel failed to argue that Applicant was not informed of LWOP eligibility by previous attorneys[.]

(Dkt. No. 11-7.)

On December 17, 2013, an evidentiary hearing was held before the Honorable G. Edward Welmaker. (R. at 238-64.) Petitioner was present and represented by Caroline Horlbeck, Esquire. (*See* R. at 238.) In an order dated January 30, 2014, Judge Welmaker denied the application for post-conviction relief and dismissed the petition. (R. at 265-73.)

Petitioner appealed, and on July 8, 2014, through Attorney Robert M. Pachak of the South Carolina Commission on Indigent Defense, he filed a *Johnson* Petition for Writ of Certiorari. (Dkt. No. 11-9.)[2] Therein, Petitioner raised the following issue:

> Whether defense counsel was ineffective in failing to adequately convey the dangers of proceeding to trial with an automatic life without parole sentence should he be found guilty as opposed to accepting a guilty plea offer with a sentence of twenty-five (25) years?

(Dkt. No. 11-9 at 3 of 10.) Mr. Pachak also filed a petition to be relieved as counsel. (Dkt. No. 11-9 at 9 of 10.)

---

[2] *See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).

4

In an order dated October 23, 2014, the Supreme Court of South Carolina denied the petition for a writ of certiorari and granted counsel's request to withdraw. (Dkt. No. 11-10.) The matter was remitted to the lower court on November 10, 2014. (Dkt. No. 11-11.)

Petitioner then filed the instant habeas petition, wherein he raised the following grounds for review (verbatim):

> **GROUND ONE**: Ineffective Assistance of Counsel Regarding Self-Incrimination in Violation of U.S. Const., Amend(s) V & VI
> **Supporting facts**: Because Petitioner's case dealt primarily with the voluntariness of his alleged written confession, trial counsel's performance was deficient by failing to obtain a handwriting analyst as [an] expert witness to challenge law enforcement's assertion that Petitioner signed and initialed [the] statement typed by police.
>
> **GROUND TWO**: Search and Seizure Violation Due to Lack of Probable Cause for Traffic Stop; U.S. Const., Amend. IV
> **Supporting facts**: Although, prior to trial, counsel challenged law enforcement's alleged probable cause for traffic stop, trial court erred in ruling there was sufficient probable cause for stop because evidence showed no moving violation could have occurred since there was no stop sign upon road Petitioner's car was traveling; officer's allegation was that Petitioner ran a stop sign.
>
> **GROUND THREE**: Ineffective Assistance of Counsel by failing to object and preserve issue for appeal; U.S. Const., Amend. VI
> **Supporting facts**: Although trial counsel moved for Jackson v. Deno hearing in limine, counsel failed to preserve the issue for appellate review by failing to make contemporanious objection when Petitioner's alleged confession was entered into evidence later during trial.

(Dkt. No. 1 at 5-8 of 15.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" *Id*. (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## **DISCUSSION**

As noted above, Respondent seeks summary judgment in the instant case. (Dkt. No. 12; *see also* Dkt. No. 11.) Before turning to the merits of the individual grounds for relief, the undersigned will briefly review the facts of this case.

Justin Matthew Jones testified that on January 6, 2010, he came home at around noon and discovered that the back laundry room door was "wide open" and that the windows on the door had been broken. (R. at 74-78.) Mr. Jones noticed that various items were missing from his home, including a laptop computer, a television, jewelry, an iPod, and a piggy bank in the shape of a baby bottle. (R. at 77-79.)

Officer David Paramore, an officer with the Greenville City Police Department, testified that on February 1, 2010, he initiated a traffic stop of the Petitioner. (R. at 116-21.) Officer Paramore testified that Petitioner gave his consent for Paramore to search the vehicle, and during that search, Paramore found a laptop computer. (R. at 122-24.) When Paramore ran the serial number on the laptop, that number indicated the laptop had been stolen. (R. at 123-25.)

Officer Erica Burgess testified that she heard Officer Paramore "call out a traffic stop," and she proceeded to Officer Paramore's location. (R. at 130-32.) She testified that after she read Petitioner his *Miranda* rights, Petitioner told her that he purchased the laptop from a man "nicknamed Black" in mid-December. (R. at 132-38.) Robert Ballenger, an investigator with the Greenville County Sheriff's Office, testified that the laptop was recovered by the city police on February 1, 2010, and that Petitioner's explanation of when he came into possession of the laptop was odd, since he said he purchased the computer in mid-December, but the laptop was not stolen from Mr. Jones until January 6, 2010. (R. at 142-47.) Ballenger further testified that he went to Petitioner's residence on February 9, 2010, with an arrest warrant for Petitioner. (R. at 148.) Although Petitioner was not home, Petitioner's fiancee was there and consented to a search of the residence, during which Ballenger found the piggy bank in the shape of a baby bottle. (R. at 148-51.) Ballenger indicated that Petitioner was subsequently arrested during a traffic stop, and after Petitioner was advised of his *Miranda* rights, Petitioner spoke to Ballenger and admitted he broke into Mr. Jones' home and took some change in a baby bottle container, jewelry, a laptop computer, and a television. (R. at 153-69.) As noted above, in May of 2010, the Greenville County Grand Jury indicted Petitioner for first-degree burglary and grand larceny, third property offense. (R. at 274-77.)

Having reviewed the factual background of the case, the undersigned now turns to Petitioner's individual grounds for relief. For the reasons set forth herein, the undersigned recommends granting the Motion for Summary Judgment. (Dkt. No. 12.)

## A.     Ground One

Petitioner asserts in Ground One that counsel was ineffective in "failing to obtain a handwriting analyst as [an] expert witness to challenge law enforcement's assertion that Petitioner signed and initialed [the] statement typed by police." (Dkt. No. 1 at 5 of 15.)

Respondent asserts Ground One is procedurally defaulted. (Dkt. No. 13 at 10 of 30.) Respondent is correct. Petitioner did not raise this issue during the PCR hearing, and it was not ruled upon by the PCR court. Accordingly, it is procedurally barred. *See Bostick v. Stevenson*, 589 F.3d 160, 162-65 (4th Cir. 2009) (holding that, prior to the South Carolina Supreme Court's decision in *Marlar v. State*, 375 S.C. 407, 653 S.E.2d 266 (2007), the state courts had not consistently enforced a procedural bar based on a PCR applicant's failure to file a Rule 59(e) motion, so for matters in which the PCR court ruled prior to *Marlar* (in other words, prior to November 5, 2007), the district court should not consider the failure of the petitioner to file a Rule 59(e) motion to obtain a ruling on a properly raised issue as a procedural bar); *see also Blassingame v. Cartledge*, Civ. A. No. 4:14-cv-02814-JMC, 2015 WL 5554589, at *6-7 (D.S.C. Sept. 21, 2015) (concluding various grounds for relief were procedurally barred because although they were raised in the post-conviction relief proceedings, the PCR court did not make a ruling, and the petitioner failed to file a Rule 59(e) motion as required by *Marlar*).

"Federal habeas review of a state prisoner's claims that are procedurally defaulted under independent and adequate state procedural rules is barred unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008) (quoting *McCarver v. Lee*, 221 F.3d 583, 588 (4th Cir. 2000)). As the Fourth Circuit stated in *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004),

> [The] exhaustion requirement "reduces friction between the state and federal court systems by avoiding the unseem[liness] of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (internal quotation marks and citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"-which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *Id*. at 845, 847, 119 S.Ct. 1728. And this opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir.2000) (citing *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir.1997) (internal quotation marks omitted)). In other words, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir.1994) (citation and internal quotation marks omitted).

*Longworth*, 377 F.3d at 448.

Procedural default may be excused if the Petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012). In the alternative for showing cause and prejudice, a petitioner may attempt to demonstrate a miscarriage of justice, e.g., actual innocence, *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Schlup v. Delo*, 513 U.S. 298, 327 (1995), or abandonment by counsel. *Maples v. Thomas*, 132 S. Ct. 912, 924 (2012) (inquiring "whether [the petitioner] ha[d] shown that his attorneys of record abandoned him, thereby supplying the extraordinary circumstances beyond his control, necessary to lift the state procedural bar to his federal petition" (internal quotation marks and citations omitted)).

Petitioner argues that, pursuant to *Martinez v. Ryan*, he "should not be barred from review in [f]ederal [h]abeas due to [h]is [a]ttorney's [e]rror." (Dkt. No. 23 at 7 of 9.) Pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012), "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." However, "[t]o overcome the default, a prisoner must also demonstrate that the

9

underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 132 S. Ct. at 1318 (citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)); *see also Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013). If the ineffective assistance of trial counsel claim "does not have any merit or . . . is wholly without factual support," the procedural default precludes federal habeas review. *Martinez*, 132 S. Ct. at 1319.

*Martinez* does not assist Petitioner, as the underlying ineffective assistance of counsel claim has no merit. Petitioner's contention is that his trial counsel was ineffective in "failing to obtain a handwriting analyst as [an] expert witness to challenge law enforcement's assertion that Petitioner signed and initialed [the] statement typed by police." (Dkt. No. 1 at 5 of 15.) What Petitioner apparently overlooks, however, is that he testified–at the *Jackson v. Denno* and PCR hearings–that he signed the at-issue statement. (*See* R. at 48-50, 247-49.) Accordingly, Petitioner's claim that counsel was ineffective in failing to obtain a handwriting expert is meritless, and the procedural bar applies. *See Martinez*, 132 S. Ct. at 1319 (procedural default precludes habeas review when the underlying ineffective assistance of counsel claim "does not have any merit or . . . is wholly without factual support"); *Kornahrens v. Evatt*, 66 F.3d 1350, 1361 (4th Cir. 1995) ("In *Strickland*, the Supreme Court made clear that '[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions.'" (quoting *Strickland v. Washington*, 466 U.S. 668, 691 (1984))).[3]

---

[3]Additionally, the undersigned notes that Petitioner did not present any evidence from a handwriting expert at his PCR hearing. Failure to do so precludes relief. *See Beaver v. Thompson*, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); *see also Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990) (concluding the petitioner's claim that other evidence should have been presented during the sentencing phase of his trial failed in "the absence of a proffer of testimony from a witness or witnesses he claims his attorney should have called," stating, "He claims that his counsel conducted an inadequate investigation to discover persons who would testify in his favor, but he does not advise us of what an adequate investigation would have revealed or what these witnesses might have said, if they had been called to testify.").

**B.      Ground Two**

In Ground Two, Petitioner notes that counsel "challenged law enforcement's alleged probable cause" for his traffic stop but contends that the "trial court erred in ruling there was sufficient cause for [the] stop" where the officer alleged "that Petitioner ran a stop sign," but the "evidence showed no moving violation could have occurred since there was no stop sign upon road Petitioner's car was traveling." (Dkt. No. 1 at 6-7 of 15.) Respondent asserts Ground Two "is not a cognizable claim in a habeas action" and that additionally it "is barred from review because a federal habeas court may not grant relief on a Fourth Amendment claim where the state courts provided the opportunity to fairly and fully litigate the claim." (Dkt. No. 11 at 10 of 30.)

To the extent Petitioner asserts an error of state law in Ground Two, Respondent is correct that such a claim is not cognizable in the instant action. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("'[F]ederal habeas corpus relief does not lie for errors of state law.'" (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990))); *see also* 28 U.S.C. § 2254(a). To the extent Petitioner asserts a Fourth Amendment claim in Ground Two, that claim is barred by the doctrine set forth in *Stone v. Powell*, 428 U.S. 465 (1976). The Supreme Court has held "that where the State has provided an opportunity for a full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone*, 428 U.S. at 481-82.

In the case *sub judice*, Petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claim. Petitioner's counsel argued that Officer Paramore's February 1, 2010 stop of Petitioner was an illegal stop. (*See* R. at 52-53.) In response to her argument, the State called Officer Paramore to the stand. (*Id*.) Officer Paramore testified that while he was on routine patrol on Burnie Street on February 1, 2010, he initiated a traffic stop of Petitioner after he saw Petitioner run a stop sign at Gower Street. (R. at 53.) Paramore further testified that he turned around at that point, as he was heading in the opposite direction, and he came up behind Petitioner. (R. at 54.) Officer Paramore testified that he was sitting behind Petitioner's vehicle at the intersection of Markley and Hutson

Streets when he saw the passenger door open slightly and then shut quickly. (R. at 54.) Paramore stated that he waited for radio traffic to clear and then activated his blue lights; he testified that the vehicle stopped on Grace Street. (R. at 55.) According to Officer Paramore, when he approached the vehicle, he smelled marijuana. (R. at 56.) Paramore stated that Petitioner was the driver, and that an individual named Courtney Young was the passenger. (R. at 56-57.) Officer Paramore was shown photographs of the intersection of Gower and Burnie Streets; he testified that the stop sign in the photograph was there on February 1, 2010, and that was the stop sign he saw Petitioner run. (R. at 58-60.)

Petitioner's counsel called Petitioner to the stand for the limited purpose of the hearing on the traffic stop. (R. at 62.) Petitioner testified there was no stop sign on Burnie Street at Gower Street. (R. at 63.) Petitioner stated that he never ran through a stop sign on February 1, 2010. (R. at 62-63.)

After hearing the testimony, the trial judge found the officer "had probable cause for the stop." (R. at 64.) Such a conclusion is supported by Officer Paramore's testimony. *See* S.C. CODE ANN. § 56-5-2330(b) ("Except when directed to proceed by a police officer, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line but, if none, before entering the crosswalk on the near side of the intersection or, if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering it."). Accordingly, Petitioner is not entitled to relief on this claim. *See Grimsley v. Dodson*, 696 F.2d 303, 304 (4th Cir.1982) (finding *Stone v. Powell* applicable when petitioner "had an opportunity to litigate the introduction of the evidence at his probation revocation hearing" because "he vigorously sought its suppression," the trial court ruled against him, and the trial court's ruling was affirmed on appeal); *Bailey v. Bazzle*, 628 F. Supp. 2d 651, 657 (D.S.C. 2008); *see also Wells v. Tucker*, Civ. A. No. 5:09-cv-80-RS-GRJ, 2011 WL 7110181, at *8 (N.D. Fla. Nov. 7, 2011), adopted at 2012 WL 254002 (N.D. Fla. Jan. 27, 2012) (finding the "Court is precluded from reviewing [the petitioner's Fourth Amendment] claim on federal habeas review" where the petitioner

filed a motion to suppress prior to trial and the motion was denied on the merits; the court stated, "At the hearing, Petitioner presented testimony and other evidence, argument on the merits of his claim were heard, a ruling on the merits was made, and the denial of his motion to suppress was fully litigated as an issue on direct appeal. Petitioner does not contend that he was denied the opportunity to present facts to the trial court or to argue the issue before an appellate court. He in fact did both. Rather, he challenges the decision of the trial court in light of the evidence and arguments he presented at the suppression hearing.").

## C.     Ground Three

Petitioner asserts in Ground Three that counsel was ineffective in "failing to object and preserve [an] issue for appeal." (Dkt. No. 1 at 8 of 15.) Petitioner notes that counsel filed a motion in limine for a *Jackson v. Denno* hearing but contends she was ineffective in "fail[ing] to preserve the issue for appellate review" by failing to make a contemporaneous objection when Petitioner's "alleged confession was entered into evidence." (*Id.*)

The PCR court addressed this claim on the merits, first noting the following testimony from the PCR hearing:

> The Applicant stated he met with trial counsel five times and that they reviewed the evidence. The Applicant stated they also discussed the traffic stop and his version [of] events. The Applicant stated the officer said he did not stop at a stop sign, but that there was not [a] stop sign there. The Applicant stated trial counsel did not make a motion to suppress the evidence. The Applicant stated he never made a statement to police but that Officer Ballenger was writing things down and asking him questions. The Applicant stated he has limited reading and writing abilities and that, while he signed a document, it was not read to him. The Applicant stated trial counsel did not request a jury instruction that he faced a sentence of life imprisonment without parole if he was convicted. The Applicant stated there was a plea offer for twenty-five years and that he discussed it with trial counsel but the offer was for something he did not do.
>     Trial counsel testified she filed discovery motions, received discovery materials, and reviewed those items with the Applicant. Trial counsel testified this included reviewing two statements. Trial counsel testified they also discussed the Applicant's version of the events surrounding the traffic stop–and that he contended there was no stop sign. Trial counsel testified she made a motion to suppress, which was ruled upon by the trial judge. Trial counsel testified the consent to search the Applicant's home was given by his wife and that several items from the burglary

> were found. Trial counsel testified they discussed the damaging effect of the State's evidence against the Applicant. Trial counsel testified the Applicant explained the circumstances surrounding the statements given to Officers Ballenger and Burgess and that she challenged the statements before trial. Trial counsel testified one of the statements was self-serving and [she] did not object to it at trial because of trial strategy. Trial counsel testified the officers denied any promises were made to the Applicant. Trial counsel testified they discussed the notice of intent to seek life imprisonment without parole (LWOP) and that this would be an automatic sentence if the Applicant was found guilty at trial. Trial counsel testified she discussed the twenty-five year plea offer with the Applicant and that he rejected it.

(R. at 268-69.)

The PCR court then stated its finding that the Petitioner's testimony was "not credible," while "trial counsel's testimony [was] credible." (R. at 269.) The PCR court further stated,

> This Court finds trial counsel filed discovery motions and reviewed all of the discovery materials with the Applicant. This Court further finds trial counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in her representation.
> . . .
> This Court finds the Applicant failed to meet his burden of proving trial counsel did not properly challenge the statements in his case. The Applicant gave two written statements–one to Officer Ballenger and one to Officer Burgess. (Trial transcript, pp. 137-38; pp. 167-69). The trial judge conducted a pre-trial Jackson v. Denno[4] hearing and found both statements were voluntary. (Trial transcript, pp. 23-50). At trial, the Burgess statement indicated the Applicant did not know the laptop he had purchased had been stolen. (Trial transcript, pp. 137-38). Trial counsel testified she did not object to the admission of this statement because it reinforced her trial strategy. This Court finds that, based on the defense put forth at trial, this was a valid strategic decision. See Roseboro v. State, 317 S.C. 292, 294, 454 S.E.2d 312, 313 (1995) (finding where trial counsel articulates a valid reason for employing a certain strategy, such conduct should not be deemed ineffective assistance of counsel). Trial counsel did not object to the admission of the Ballenger statement at trial–in which the Applicant admitted to breaking into the victim's home and stealing several items. (Trial transcript, pp. 167-69). This Court, however, does not find this was deficient or prejudicial because the statement had been ruled to have been given voluntarily and the Applicant failed to present any credible evidence or testimony that this ruling would have been reversed on appeal. Further, this Court notes the State presented strong evidence of the Applicant's guilt, as the stolen items were found in his car and home. See Geter v. State, 305 S.C. 365, 367, 409 S.E.2d 344, 346 (1991)

---

[4]378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964).

>> (concluding reasonable probability of a different result does not exist when there is ample evidence of guilt[)].
> . . .
>> Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test–that trial counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that trial counsel committed either errors or omissions in her representation of the Applicant. This Court also finds the Applicant has failed to prove the second prong of Strickland–that he was prejudiced by trial counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

(R. at 269-72.)

The undersigned recommends granting summary judgment to Respondent as to Ground Three. The United States Supreme Court has said that a meritorious ineffective assistance of counsel claim must show two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. *Id*. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id*. (internal quotation marks and citation omitted); *see also Bowie v. Branker*, 512 F.3d 112, 119 n.8 (4th Cir. 2008); *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297–99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." *Id*. While *Strickland* itself is a deferential standard, when both § 2254(d) and *Strickland* apply, "review is doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011). Indeed, when § 2254(d) applies,

15

"[t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington*, 562 U.S. at 105.

As noted above, Petitioner contends in Ground Three that trial counsel was ineffective in "fail[ing] to preserve the issue for appellate review" by failing to make a contemporaneous objection when Petitioner's "alleged confession was entered into evidence." (Dkt. No. 1 at 8 of 15.) On this claim, "the appropriate prejudice inquiry asks whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." *Davis v. Sec'y for Dep't of Corr*., 341 F.3d 1310, 1316 (11th Cir. 2003). The undersigned concludes the answer to this inquiry is no.

Petitioner argued on direct appeal that the trial court erred in "allow[ing] the state to introduce" Petitioner's statement "purporting to be a 'confession' to the crimes" when the Petitioner did not read or write well, "law enforcement failed to audio or videotape the interview," and "the state did not meet their burden to show that the statement was given knowingly and voluntarily." (Dkt. No. 11-3 at 4 of 12.) The South Carolina Court of Appeals affirmed, finding that the error was not preserved for review because a ruling on a motion in limine is not final, and "unless an objection is made at the time the evidence is offered and a final ruling procured, the issue is not preserved for review." (Dkt. No. 11-4 at 2 of 2.)

Counsel did challenge the admission of the confessions in this case, and the trial judge ruled against her and found Petitioner's statements were admissible. (R. at 22-50; *see also* R. at 270.) Specifically, after hearing the testimony of Officer Ballenger, Officer Burgess, and Petitioner, the trial judge stated,

> I'll find that the State has proven by the greater weight of the evidence that the Defendant was properly advised of his constitutional rights under Miranda, that after being advised of those rights he freely and voluntarily gave statements to the officers, that they were not the result of any coercive police tactics and that under the totality of the circumstances the statements were freely and voluntarily given.

(R. at 50; *see also* R. at 22-50.) Although counsel challenged the admissibility of the statements via a motion in limine, she did not object to the admission of the statements at trial. (*See* R. at 270.) The PCR court found, however, that even if counsel had objected, Petitioner "failed to present any

credible evidence or testimony that this ruling would have been reversed on appeal," and the PCR court noted that the "State presented strong evidence of the [Petitioner's] guilt, as the stolen items were found in his car and home." (R. at 270-71.)

The PCR court's conclusion that Petitioner suffered no prejudice by counsel's failure to preserve the issue for appeal is not an unreasonable application of *Strickland*, nor was the PCR court's decision based on an unreasonable determination of the facts. As noted by the PCR court, the laptop stolen from the victim's residence was recovered in Petitioner's vehicle when Petitioner was stopped on February 1, 2010; the victim was able to identify the laptop via the serial number. (*See* R. at 78-79, 81-85, 118, 123-24, 132.) Additionally, the victim testified that his children's piggy bank had been stolen; he testified that "it's a kid's piggy bank in the shape of a baby bottle, oversized, about a foot tall, clear with a blue ring and a white nipple on it." (R. at 79.) The victim indicated the piggy bank had some of his handwriting on the bottom of it "where years ago [he] had counted the dollar bills located in the piggy bank and . . . wrote that number on the bottom of it." (R. at 79-80.) This piggy bank was located at Petitioner's home, after Petitioner's fiancee gave consent to search their residence. (R. at 148-53.) The victim testified that he recognized the piggy bank as belonging to him because his handwriting was on the bottom of it. (R. at 83-85.) On the facts of the instant case, the undersigned cannot say the state court's application of the *Strickland* standard was unreasonable; accordingly, the undersigned recommends granting summary judgment to Respondent as to Ground Three. *See Harrington*, 562 U.S. at 101 ("The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable."); *see also Collins v. Clarke*, 642 F. App'x 212, 216-19 (4th Cir. 2016) (no habeas relief on claim that counsel was "ineffective in failing to preserve for appeal the issue of whether the retroactive application of the Virginia bail bondsman statutes abrogated Appellant's common law rights as a bail bondsman"; the Fourth Circuit stated, "In sum, Appellant's *Bouie* due process argument stood little chance of success even if it had been properly preserved. We agree with the Supreme Court of Virginia that, assuming that the conduct of Appellant's counsel was deficient, such deficiency did not prejudice Appellant. Therefore, we

conclude the court's application of *Strickland* with regard to this contention was reasonable."); *McGaha v. Riley*, Civ. A. No. 0:08-3287-RBH, 2009 WL 3063070, at * 11-12 (D.S.C. Sept. 21, 2009) (no habeas relief on claim that counsel was ineffective in failing "to properly preserve the first issue he raised in his direct appeal" where, although counsel was deficient in failing to preserve the issue for appeal, the petitioner "failed to establish that there is a reasonable probability that the result of the proceeding would have been different if trial counsel had preserved this issue"); *Chandler v. Netherland*, Civ. A. No. 96-0966-R, 1997 WL 461907, at *13 (W.D. Va. Aug. 4, 1997) ("The court concludes that [the petitioner's] attorney's failure to preserve a federal due process challenge to Virginia's statutory review did not amount to ineffective assistance of counsel because it is highly unlikely that a challenge on those grounds would succeed.").

## CONCLUSION

It is RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 12) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that a certificate of appealability be denied.[5]

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 15, 2016
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[5]Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).